JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SREAM, INC, a California corporation,<br><br>     Plaintiff,<br><br>v.<br><br>ABDALLAH YOUSEF DALQAMOUNI, *et al.*,<br><br>     Defendants. | Case No. 5:16-cv-00883-CAS-SP<br><br>**[PROPOSED] STIPULATED ORDER TO:**<br>  **(1) ENTER CONSENT DECREE FOR PERMANENT INJUNCTION AGAINST DEFENDANT ABDALLAH YOUSEF DALQAMOUNI**<br>  **(2) DISMISS DEFENDANT ABDALLAH YOUSEF DALQAMOUNI FROM THE ACTION *WITHOUT PREJUDICE*** |

**STIPULATION TO ENTER CONSENT DECREE**

# ORDER FOR PERMANENT INJUNCTION

This Court, having made the following findings of fact and conclusions of law pursuant to the parties' stipulation:

A.   Plaintiff Sream, Inc. ("Sream" or "Plaintiff") filed suit against Defendant Abdallah Yousef Dalqamouni ("Dalqamouni"), alleging that Dalqamouni violated Sream's rights under 15 U.S.C. §§ 1114, 1116, 1125(a), (c), and (d), and Cal. Bus & Prof. § 17200 *et seq.* ("Action");

B.   The Parties entered into a confidential settlement agreement effective as of June 7, 2016 ("Settlement Agreement"), which requires entry of the stipulated judgment set forth herein;

And good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.   For the purposes of binding preclusive effect on Dalqamouni as to disputes occurring after June 7, 2016, between Dalqamouni and Sream, and only for such purposes, Dalqamouni admits the following:

   a. Mr. Martin Birzle is now, and has been at all times since the dates of issuance, the owner of United States Trademark Registration Nos. 2,235,638; 2,307,176; and 3,675,839 (the "RooR Marks") and of all rights thereto and thereunder.
   b. The RooR Marks are valid and enforceable.
   c. Since at least 2013, Plaintiff Sream has been the exclusive licensee of the RooR Marks in the United States.  Mr. Birzle has been granted all enforcement rights to Sream to sue for obtain injunctive and monetary relief for past and future infringement of the RooR Marks.

2.   Effective June 7, 2016, Dalqamouni, and those acting on Dalqamouni's behalf (including its owners, shareholders, principals, officers, agents, servants, employees, independent contractors, and partners), are permanently enjoined from producing, manufacturing, distributing, selling, offer for sale, advertising, promoting, licensing, or

marketing (a) any product bearing the RooR Marks or (b) any design, mark, or feature that is confusingly similar to the RooR Marks (collectively, the "**Permanent Injunction**").

3. Dalqamouni is bound by the Permanent Injunction regardless of whether Mr. Martin Birzle assigns or licenses his intellectual property rights to another for so long as such trademark rights are subsisting, valid, and enforceable. The Permanent Injunction inures to the benefit of Mr. Martin Birzle successors, assignees, and licensees.

4. This Court (or if this Court is unavailable, any court within the Central District of California) shall retain jurisdiction over all disputes between and among the Parties arising out of the Settlement Agreement and Permanent Injunction, and interpretation of their respective terms.

5. The Parties waive any rights to appeal this Permanent Injunction.

6. After entry of the Permanent Injunction, Defendant Dalqamouni shall be dismissed from the Action, *without prejudice*, with each party to bear their own attorneys' fees and costs.

IT IS SO ORDERED.

Dated:   June 6, 2016

*Christina A. Snyder*
Hon. Christina A. Snyder
United States District Judge